IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 13-CIV-62133-RNS

**MIRLENE GEORGES,**

        Plaintiff,

vs.

**G4S SECURE SOLUTIONS INTERNATIONAL INC.,**
**A Florida corporation**

        Defendant.

_____/

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, MIRLENE GEORGES, by and through undersigned counsel, and files this First Amended Complaint against Defendant G4S SECURE SOLUTIONS INTERNATIONAL, INC. ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1343(4). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. (hereinafter called "Title VII"), the Florida Civil Rights Act of 1992, as amended, Fla. Stat. §760.01 et seq. (hereinafter the "Florida Civil Rights Act"), and the Florida Whistleblower Act, as amended, Fla. Stat. §448.101 et seq. (hereinafter the "Florida Whistleblower Act").

1

2. The unlawful employment practices alleged in this First Amended Complaint were committed within the Distinct of this Court in Fort Lauderdale, Broward County, Florida.

## PARTIES

3. Plaintiff is a Black female, resident of Miami, Florida, United States of America, who at all times relevant to the allegations set forth in this First Amended Complaint, was residing at 842 Northwest 99 Street, Miami, Florida 33150.

4. At all times relevant to the allegations set forth in this First Amended Complaint, Defendant G4S Secure Solutions, was and is a security company that provides security services to several businesses and governmental entities in Broward County, Florida, with offices at 6499 Powerline Road, Fort Lauderdale, Florida 33307.

5. Plaintiff is informed and believes, and therefore avers, that the Defendant is an "employer" within the meaning of Title VII, the Florida Civil Rights Act, and the Florida Whistleblower Act in that, during all times material to the averments of this First Amended Complaint, Defendant engaged in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII, the Florida Civil Rights Act, and the Florida Whistleblower Act.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff filed a charge of employment discrimination against the Defendant with the Miami District Office of the United States Equal Employment Opportunity Commission (the "EEOC") on or about June 18, 2012. Such filing operated as a dual filing with the Florida Commission on Human Relations.

2

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

7. On June 4, 2013, the EEOC issued a Notice of Right to Sue, which entitled Plaintiff to institute a civil action with respect to the charge of discrimination within ninety (90) days of the date of receipt of said notice.

8. Based on the foregoing, Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

ALLEGATIONS OF FACT

9. Plaintiff began her employment with Defendant in October 2009, in the position of Security Officer/Dispatcher, stationed at the Dispatch Station in the Joe Dimaggio Memorial Hospital in Broward County.

10. During her employment with the Defendant, Plaintiff's performance evaluations were always "satisfactory" or "above satisfactory" and she received several pay raises since she was hired.

11. After Mr. Juan Velez became the Plaintiff's supervisor, Plaintiff began to receive unwanted and inappropriate sexual and racial comments that were degrading to her and derogatory. Said comments were witnessed by other people.

12. Plaintiff complained to Ms. Tamica Upson regarding Mr. Velez's comments and actions towards the Plaintiff, but Defendant did not provide the Plaintiff any relief.

13. After several months of sexual comments and racial slurs directed towards Plaintiff, which Plaintiff painfully tried to ignore, Plaintiff then complained to her post Supervisor Winston Edwards, who told her to ignore the comments, which was his response every time Plaintiff complained about the problem.

14. On May 23, 2012, an incident occurred where Plaintiff had bent over to use the copy machine and Mr. Velez, with an open hand squeezed Plaintiff's right buttocks. Plaintiff then turned around and witnessed Mr. Velez walking away. Plaintiff immediately confronted Mr. Velez and addressed the incident at which time Mr. Velez responded "Negro Please".

15. On May 24, 2012, Plaintiff submitted a letter explaining the incident to Mr. Roy Martin at Human Resources, and alleging sexual and racial discrimination.

16. On June 18, 2012, Plaintiff filed her charge of discrimination with the EEOC, alleging that she was discriminated against because of her race and sex.

17. Thereafter, and until the time of the Plaintiff's discharge, the Defendant began retaliating against Plaintiff by cutting her hours, isolating her, scrutinizing her work more closely, treating her differently than other employees, not allowing her to use the restroom facilities, and generally making her environment at work miserable.

18. In fact, on one occasion, Plaintiff's supervisors tried to have Plaintiff sign a written warning that was fraudulently produced. That written warning was later retracted.

19. Finally, on April 12, 2013, a mere 10 months after filing her charge of discrimination with the EEOC, Plaintiff's employment with G4S Secure Solutions International, Inc. was terminated by Supervisor Winston, all arising with the filing of a written complaint of the incident where Plaintiff was sexually harassed and racially slurred by one of her superiors.

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

## FIRST CLAIM FOR RELIEF
## <u>VIOLATION OF TITLE VII</u>

20.     Plaintiff refers to and incorporates, as though fully set forth in this First Claim for Relief, Paragraphs 1 through 19 of this First Amended Complaint.

21.     The termination of Plaintiff was because of her race and sex, which constitutes a violation of Title VII of the Civil Rights Act of 1964, as amended, and therefore entitles Plaintiff to relief under the provisions thereof.

22.     By terminating Plaintiff because of her race and sex, the Defendant acted maliciously and/or with reckless indifference to the Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, and therefore entitles Plaintiff to the recovery of compensatory damages and punitive damages.

## SECOND CLAIM FOR RELIEF
## <u>VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u>

23.     Plaintiff refers to and incorporates, as though fully set forth in this Second Claim for Relief, Paragraphs 1 through 19 of this First Amended Complaint.

24.     The termination of Plaintiff was because of her race and sex, which constitutes a violation of the Florida Civil Rights Act, as amended, and therefore entitles Plaintiff to relief under the provisions thereof.

25.     By terminating Plaintiff because of her race and sex, the Defendant acted maliciously or with reckless indifference to Plaintiff's rights under the Florida Civil Rights Act, as amended, and therefore entitles Plaintiff to the recovery of compensatory damages and punitive damages.

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE FLORIDA WHISTLEBLOWER ACT

26. Plaintiff refers to and incorporates, as though fully set forth in this Second Claim for Relief, Paragraphs 1 through 19 of this First Amended Complaint.

27. By retaliating against Plaintiff for having complained about a violation of law constitutes unlawful retaliation under the Florida Whistleblower Act.

28. The termination of Plaintiff's employment for having complained about race and sex discrimination constitutes "retaliatory personnel action" under the Florida Whistleblower Act.

29. Plaintiff has suffered damages as a direct and proximate result of Defendant's "retaliatory personnel action."

## PLAINTIFF'S DEMAND FOR JURY TRIAL

30. Plaintiff, by and through her undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, the Plaintiff prays that this honorable Court:

a. Declare that the employment practices complained of in this Complaint are unlawful in that they violate Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and the Florida Whistleblower Act.

b. Award the Plaintiff economic damages to make her whole, including, but not limited to, back pay and lost benefits.

c. Award the Plaintiff five years of front pay in lieu of reinstatement.

d. Award the Plaintiff compensatory damages in an amount to be determined by a jury.

6

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

      e.      Award the Plaintiff the costs of this action, including expert witness fees, to be taxed against the Defendant.

      f.      Grant the Plaintiff an award of reasonable attorneys' fees.

      g.      Grant such other relief to which this honorable Court deems the Plaintiff is justly entitled.

Respectfully submitted this 28th day of October, 2013.

            LAW OFFICES OF
            SANTIAGO J. PADILLA, P.A.

            By: s/Santiago J. Padilla
                Santiago J. Padilla, Esq.
                Florida Bar No.:  0037478
                Attorney for Plaintiff

                Law Offices of Santiago J. Padilla, P.A.
                1001 Brickell Bay Drive, 32nd Floor
                Miami, Florida  33131
                Telephone:  (305) 358-1949
                Facsimile:  (305) 358-2141

7

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of October 2013, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                s/Santiago J. Padilla
                                                Santiago J. Padilla, Esq. (Fla. Bar No. 37478)
                                                E-Mail:  sjp@padillalawoffice.com
                                                Attorney for Plaintiff

                                                Law Offices of Santiago J. Padilla, P.A.
                                                1001 Brickell Bay Drive, 32nd Floor
                                                Miami, Florida 33131
                                                Telephone:  (305) 358-1949
                                                Facsimile:  (305) 358-2141

## SERVICE LIST

**Mirlene Georges v. G4S Secure Solutions, International Inc.
Case No. 13-CIV-62133-RNS
United States District Court, Southern District of Florida**

Jackson Lewis, LLP
Christine L. Wilson, Esq.
E-Mail:  wilsonc@jacksonlewis.com
Jason D. Berkowitz. Esq.
E-Mail:  berkowitz@jacksonlewis.com
Attorney for Defendant
One Biscayne Tower
Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 577-7600
Facsimile:  (305) 373-4466
Method of Service:  via Notices of Electronic Filing generated by CM/ECF

De La Heria & Associates
Raul De La Heria, Esq.
E-Mail:  raul@delaheria.com
2100 Coral Way
Suite 500
Miami, Florida 33145
Telephone:  (305) 858-2808
Attorney for Plaintiff
Method of Service: via Notices of Electronic Filing generated by CM/ECF

**Law Offices of Santiago J. Padilla, P.A.**
**1001 Brickell Bay Drive, 32nd Floor, Miami, Florida 33131 Tel: (305) 358-1949 / Fax: (305) 358-2141**